1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LOTES CO., LTD.,

          Plaintiff,

    v.

HON HAI PRECISION INDUSTRY CO., LTD., et al.,

          Defendants.

_____/

No. C 11-01036 JSW

**ORDER REGARDING MOTIONS
TO DISMISS**

      Now before the Court is the motion to dismiss filed by Defendants and Counter-claimants Hon Hai Precision Industry Co.. Ltd. ("Hon Hai") and Foxconn Electronics, Inc. ("Foxconn") (collectively, "Defendants")[1] and the motion to dismiss counterclaims filed by Plaintiff and Counterclaim Defendant Lotes Company, Ltd. ("Lotes"). The Court finds that these matters are appropriate for disposition without oral argument and, thus, are deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for July 15, 2011 is HEREBY VACATED. Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, and good cause appearing, the Court hereby grants in part and denies in part Defendants' motion to dismiss and grants in part and denies in part Lotes motion to dismiss.[2]

---

[1] Because Defendants already filed an answer in this case, the Court will construe the motion to dismiss they filed as a motion for judgment on the pleadings. *See Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir. 1980).

[2] Lotes filed a request and a supplemental request for judicial notice in support of its motion to dismiss and another request in support of its opposition to Defendants' motion. Because the documents attached to Lotes request and supplemental request for judicial

**BACKGROUND**

Lotes and Defendants previously engaged in litigation regarding Defendants' patents. The parties settled that prior litigation. As part of that settlement, the parties executed a settlement agreement and a license agreement. Now the parties dispute whether those agreements have been followed and/or whether Lotes is infringing on several of Defendants' patents, including two Taiwanese patents and one Chinese patent (collectively, the "foreign patents"). The parties have filed cross-claims regarding their dispute.

The Court shall address specific additional facts in the remainder of this Order.

**ANALYSIS**

**A.     Applicable Legal Standards for Motion.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint, when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Even under Rule 8(a)'s liberal pleading standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief

_____

notice in support of its motion to dismiss are not necessary to resolution of this motion, these requests are DENIED AS MOOT. Pursuant to federal rule of evidence § 201, the Court GRANTS Lotes' request for judicial notice in support of its opposition to Defendants' motion.

2

that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).

Motions for judgment on the pleadings challenge the legal sufficiency of the claims asserted in the complaint. "For purposes of the motion, the allegations of the non-moving party must be accepted as true .... Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). However, "[t]he court need not ... accept as true allegations that contradict matters properly subject to judicial notice...." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As with a motion to dismiss, upon ruling on a motion for judgment on the pleadings a "court may consider facts that are contained in materials of which the court may take judicial notice." *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) (internal quotations and citation omitted). A court may also consider documents attached to the complaint or "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir. 1999) (internal quotations and citation omitted).

**B.      Lotes' Motion to Dismiss.**

   **1.      Defendants' Breach of Contract Counterclaim.**

Pursuant to Rule 12(b)(6), Lotes moves to dismiss portions of Defendants' seventh counterclaim for breach of contract to the extent it is premised upon certain allegations. Rule

12(b)(6) provides that a party may move to dismiss a "claim for relief" for failure to state a claim upon which relief may be granted. Lotes does not move to dismiss Defendants' entire breach of contract counterclaim, but rather, seeks to dismiss only part of it. Lotes argues that Defendants' breach of contract claim is a "cause of action" which contains many "claims" that may be addressed separately pursuant to Rule 12(b)(6). Although "cause of action" is traditionally used to describe claims created by state law in state court, and the term "claim" is used under federal law, courts often use these terms interchangeably. A claim is not a subdivision or subcategory of a cause of action. In essence, Plaintiffs are seeking to strike certain allegations to the extent Defendants' breach of contract claim is premised upon them. Such a challenge must be brought pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"). *See Thompson v. Paul*, 657 F. Supp. 2d 1113, 1129-1130 (D. Ariz. 2009) (challenge to certain allegations in support of a claim must be brought under Rule 12(f), not Rule 12(b)(6)).

Rule 12(f) provides that the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. (12)(f). Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Cal. Dept. of Toxic Substance Control v. ALCO Pac., Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*. Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Id*. Ultimately, the decision as to whether to strike allegations is a matter within the Court's discretion. *Id*.

Lotes does not demonstrate that the challenged allegations are redundant, immaterial, impertinent or scandalous. Therefore, the Court denies Lotes motion on this ground.

**2.    Defendants' Unjust Enrichment Counterclaim.**

Lotes argues that under California law, there is no cause of action for unjust enrichment. There appears to be a split of authority regarding whether a party may state a cause of action for unjust enrichment under California law. *Compare Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008) ("[U]njust enrichment is not a cause of action. ...Rather, it is a general principle underlying various doctrines and remedies, including quasi-contract.") (internal citation omitted) and *Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment. The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so.") (internal quotation marks and citation omitted), *with Lectrodryer v. Seoulbank*, 77 Cal. App. 4th 723, 726-29 (2000) (affirming jury award under unjust enrichment cause of action).

Regardless, "[a]s a matter of law, an unjust enrichment claim does not lie where the parties have an enforceable express contract." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010). A party may seek restitution in lieu of breach of contract damages if the party alleges the express contract was procured by fraud or is unenforceable or ineffective for some reason. *Id*. However, here, Defendants do not assert any allegations that the express contracts between the parties are unenforceable, but merely allege that Lotes breached these express contracts. Under such circumstances, Defendants' claim for unjust enrichment, even if it were construed as one for restitution, fails as a matter of law. Accordingly, the Court grants Lotes motion to dismiss with respect to this counterclaim.

The Court will provide Defendants with leave to amend to allege facts which support an entitlement to restitution. However, Defendants shall only file an amended counter-complaint if they can allege such facts in good faith.

**C.    Defendants' Motion for Judgment on the Pleadings.**

**1.    Jurisdiction Over Foreign Patents.**

Defendants move for judgment on the pleadings with respect to Lotes claim for declaratory relief as to the three foreign patents, arguing that the Court should decline to

exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). Assuming that the disputes over patent infringement under the foreign patents are so related to the disputes over the United States' patents to form part of the same case or controversy, the Court finds that it should decline to exercise supplemental jurisdiction over the foreign patents. The Federal Circuit made clear in *Voda v. Cordis Corp.*, 476 F.3d 887 (Fed. Cir. 2007), that "it is almost always an abuse of discretion to use that supplemental power to deal with infringement claims involving foreign patents. ... A fair reading of *Voda* suggests that the Federal Circuit expects supplemental jurisdiction to be declined over foreign patents in all but the rarest of cases." *Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor*, 589 F. Supp. 2d 84, 91 and n.42 (D. Me 2008). This is not one of those rare cases.

In *Voda*, the Federal Circuit found that "considerations of comity, judicial economy, convenience, fairness, and other exceptional circumstances constituted compelling reasons to decline jurisdiction." *Voda*, 476 F.3d at 898. More specifically, the court found that exercising supplemental jurisdiction over foreign patent infringement claims could undermine the obligations of the United States under international treaties such as the Paris Convention for the Protection of Industrial Property, the Patent Cooperation Treaty, and the Agreement on Trade-Related Aspects of Intellectual Property Rights ("TRIPS"), which uphold the independence of each country's system for adjudicating patent rights. *See id.* at 899. The Federal Circuit emphasized that the exercise of supplemental jurisdiction over such claims would require "defin[ing] the legal boundaries of a property right granted by another sovereign and then determin[ing] whether there has been a trespass to that right," which would contravene of the language of these treaties. *Id.* Adjudicating the foreign patent disputes here would implicate the same treaties. China is a signatory to all three of these treaties and Taiwan is a party to TRIPS. *See* World Intellectual Property Organization, "States Party to the PCT and the Paris Convention and Members of the World Trade Organization" (2006), *available at* http://www.wipo.int/pct/en/texts/pdf/pct_ paris_ wto.pdf, *as cited in Voda*, 476 F.3d at 899.

With respect to considerations of comity and relations between sovereigns, the court in *Voda* held that the exercise of supplemental jurisdiction over foreign patent infringement claims

could prejudice the rights of foreign governments and undermine the "spirit of cooperation" that forms the basis of the comity doctrine. *Id*., 476 F.3d at 901-02. The court noted that because patent rights are territorial, "it would be incongruent to allow the sovereign power of one [government] to be infringed or limited by another sovereign's extension of its jurisdiction." *Id*. Consequently, the "adjudication of ... foreign patent infringement claims should be left to the sovereigns that created the property rights in the first instance." *Id.* at 902. Moreover, the principle of "avoid[ing] unreasonable interference with the sovereign authority of other nations" dictates that supplemental jurisdiction over foreign patents be declined. *Id*. at 902-03.

The *Voda* court also found that due to the court's lack of institutional competence in the foreign patent regimes at issue and the absence of any requirement of foreign countries to recognize or obligate the enforcement of United States courts' judgments regarding foreign patents, substantial judicial resources may be expended in vain if the court were to adjudicate the foreign patent infringement dispute. *Id*. at 903.

The same concerns regarding considerations of comity and relations between sovereigns and judicial economy are at issue here. Although Lotes attempts to frame the declaratory relief claim as a mere contract dispute, Lotes declaratory judgment claim seeks a judgment regarding whether the accused products infringe the foreign patents. As such, adjudicating this claim with respect to the foreign patents would prejudice the rights of China and Taiwan and undermine the "spirit of cooperation" that forms the basis of the comity doctrine.[3] Additionally, the Court finds that adjudicating this claim would consume and potentially waste substantial judicial

---

[3] Lotes argues in a footnote that "numerous courts have asserted jurisdiction over foreign patent claims without concern that doing so would offend international comity." Lotes argument borders on specious. In *Fairchild*, jurisdiction over the foreign patents in *Fairchild* was based on diversity of citizenship, not supplemental jurisdiction. The court noted that "[u]nlike supplemental jurisdiction, diversity jurisdiction is ordinarily not discretionary." *Fairchild*, 589 F. Supp. 2d at 91-92. Additionally, the court found that the dispute between the parties was primarily one of contract interpretation, as opposed to a dispute over patent infringement. *Id* at 94-95. Because the dispute between the parties concerned contract interpretation of an agreement between two American companies, resolving their dispute did not raise any treaty problems, comity concerns, or sovereign relations concerns. *Id*. at 96. Similarly, jurisdiction in *Baker-Bauman v. Walker*, 2007 WL 1026436, *1-2 (S.D. Ohio March 29, 2007) was based on diversity of citizenship, not supplemental jurisdiction. Of the other two cases cited by Lotes in support of this proposition, one is an unpublished slip-opinion of a claims construction order and the other predates *Voda*.

1  resources.  Accordingly, the Court declines to exercise supplemental jurisdiction over the

2  foreign patents and, thus, grants Defendants' motion on this ground.

3      **2.      Lotes' Conversion Claim.**

4      Defendants move to dismiss Lotes conversion claim on the grounds that it merely

5  alleges a breach of their license agreement and, therefore, cannot be pled as a tort claim.

6  "Conduct amounting to a breach of contract becomes tortious only when it also violates an

7  independent duty arising from principles of tort law. ...[A]n omission to perform a contract

8  obligation is never a tort, unless that omission is also an omission of a legal duty." *Applied*

9  *Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515 (1994); *see also McGehee v. Coe*

10  *Newnes/McGehee ULC*, 2004 WL 2452855, * 3 (N.D. Cal. Feb. 10, 2004) (dismissing

11  conversion claim where any duty owed with respect to the property at issue arose only from the

12  contract).

13      In contrast to *McGehee*, Lotes alleges an independent duty owed with respect to the

14  money retained by Defendants, separate from the license agreement.  Lotes alleges that it paid

15  money to Defendants on products that are not subject to the license agreement and, thus, do not

16  require royalty payments.  If Lotes' allegations are true, then the license agreement does not

17  govern the money at issue and the money belongs to Lotes.  Therefore, Lotes has alleged an

18  independent legal duty arising from principles of tort law in order to state a claim for

19  conversion.  *See Textainer Equipment Management (U.S.) Ltd. v. TRS Inc.*, 2007 WL 1795695,

20  *3 (N.D. Cal. June 20, 2007) (distinguishing *McGehee* and denying motion to dismiss

21  conversion claim where the party alleged an independent duty not to misappropriate property

22  which existed outside the contract).  Accordingly, the Court denies Defendants' motion as to

23  Lotes conversion claim.

24      ### CONCLUSION

25      For the forgoing reasons, the Court GRANT IN PART and DENIES IN PART Lotes'

26  motion to dismiss and Defendants' motion for judgment on the pleadings.  The Court DENIES

27  Lotes' motion as to portions of Defendants' breach of contract claim and GRANTS Lotes'

28  motion as to Defendants' unjust enrichment claim.  The Court GRANTS Defendants' motion as

to Lotes' claim for declaratory relief with respect to the foreign patents and DENIES Defendants' motion as to Lotes' conversion claim.

The Court is providing Defendants with leave to amend to allege facts in good faith which support an entitlement to restitution. Defendants shall file their amended complaint, if any, within twenty days of the date of this Order. If Defendants file an amended complaint in accordance with this Order, Lotes shall either file an answer or move to dismiss within twenty days of service of the amended complaint. If no amended complaint is filed, Plaintiffs shall file their answer within twenty days of the time to file an amended complaint has expired.

**IT IS SO ORDERED.**

Dated: July 14, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE