1    **[COUNSEL LISTED ON SIGNATURE PAGES]**

2

3

4

5

6

7

8

9

10                           UNITED STATES DISTRICT COURT

11                         NORTHERN DISTRICT OF CALIFORNIA

12

13

| | |
|---|---|
| LOTES CO., LTD., a Taiwan Corporation, | Civil Action No. 3:11-cv-01036-JSW |
| Plaintiff and Counterclaim Defendant, | |
| v. | **STIPULATED PROTECTIVE ORDER, AND [~~PROPOSED~~] ORDER THEREON** |
| HON HAI PRECISION INDUSTRY CO., LTD., a Taiwan Corporation, and FOXCONN ELECTRONICS, INC., a California Corporation, | The Honorable Jeffrey S. White United States District Judge |
| Defendants and Counterclaimants. | |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as confidential under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Northern District of California Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: confidential or other sensitive information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c), including, but not limited to, trade secrets or development, research, financial, technical, and/or commercial information.

2.3 <u>Counsel</u> (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

1    testimony, transcripts, and tangible things), that are produced or generated in disclosures or

2    responses to discovery in this matter.

3              2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter

4    pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert

5    witness or as a consultant in this action, (2) who is not a past or a current employee of a Party or of a

6    competitor of a Party, and (3) who at the time of retention, is not anticipated to become an employee

7    of a Party or of a Party's competitor.

8              2.7    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

9    Items</u>:  extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another

10   Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less

11   restrictive means, including, but not limited to, competitive harm.

12             2.8    <u>House Counsel</u>:  attorneys who are employees of a party to this action.  House

13   Counsel does not include Outside Counsel of Record or any other outside counsel.

14             2.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other

15   legal entity not named as a Party to this action.

16             2.10   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to

17   this action but are retained to represent or advise a party to this action and have appeared in this

18   action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that

19   party.

20             2.11   <u>Party</u>:  any party to this action, including all of its officers, directors,

21   employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

22             2.12   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery

23   Material in this action.

24             2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support

25   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

26   organizing, storing, or retrieving data in any form or medium) and their employees and

27   subcontractors.

28

2.14 Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15 Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial or arbitration shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with prejudice and conclusion of any subsequent alternative dispute resolution procedures; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take

care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of

1  the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

2  ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

3  copied and produced, the Producing Party must determine which documents, or portions thereof,

4  qualify for protection under this Order, then, before producing the specified documents, the

5  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

6  CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

7  If only a portion or portions of the material on a page qualifies for protection, the Producing Party

8  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

9  margins) and must specify, for each portion, the level of protection being asserted (either

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

11  (b) for testimony given in deposition or in other pretrial or trial proceedings,

12  that the Designating Party identify on the record, before the close of the deposition, hearing, or other

13  proceeding, all protected testimony, and further specify the level of protection being asserted.  When

14  it is impractical to identify separately each portion of testimony that is entitled to protection, and

15  when it appears that substantial portions of the testimony may qualify for protection, the Designating

16  Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up

17  to 21 days after the reporter's preparation of the final transcript to identify the specific portions of

18  the testimony as to which protection is sought and to specify the level of protection being asserted

19  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only

20  those portions of the testimony that are then specifically designated for protection within those 21

21  days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a

22  Designating Party may specify, at the deposition or up to 21 days afterwards (if that period is

23  properly invoked), that the entire transcript shall be permanently treated as "CONFIDENTIAL" or

24  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

25  The use of a document as an exhibit at a deposition shall not in any way affect

26  its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27  ONLY."

28

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  In the event a Receiving Party generates any "hard copy" transcription or printout from any designated non-paper media (including, but not limited to, documents produced in native electronic format), such Receiving Party must stamp each page "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and the hard copy, transcription, or printout shall be treated as designated.

5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, a Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

1    designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens,

2    or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge

3    a confidentiality designation by electing not to mount a challenge promptly after the original

4    designation is disclosed.

5            6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution

6    process by providing written notice of each designation it is challenging and describing the basis for

7    each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice

8    must recite that the challenge to confidentiality is being made in accordance with this specific

9    paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith

10   and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of

11   communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the

12   Challenging Party must explain the basis for its belief that the confidentiality designation was not

13   proper and must give the Designating Party an opportunity to review the designated material, to

14   reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the

15   chosen designation.  A Challenging Party may proceed to the next stage of the challenge process

16   only if it has engaged in this meet-and-confer process first or establishes that the Designating Party

17   is unwilling to participate in the meet-and-confer process in a timely manner.

18           6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court

19   intervention, the Challenging Party shall file and serve a motion challenging confidentiality

20   according to the applicable rules and procedures for bringing discovery motions in this action.  Each

21   such motion must be accompanied by a competent declaration affirming that the movant has

22   complied with the meet and confer requirements imposed in the preceding paragraph.  In any court

23   proceeding regarding the propriety of the designation of Protected Litigation Material, the burden of

24   proof with respect to the propriety or correctness of the designation of information as Protected

25   Litigation Material shall rest upon the Designating Party.  Frivolous challenges and those made for

26   an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties)

27   may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in

28

1   question the level of protection to which it is entitled under the Designating Party's designation until

2   the court rules on the challenge.

3         7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

4         7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

5   disclosed or produced by another Party or by a Non-Party in connection with this case only for

6   prosecuting, defending, or attempting to settle this litigation, including in the context of any related

7   alternative dispute resolution procedures, including arbitration and/or mediation.  Such Protected

8   Material may be disclosed only to the categories of persons and under the conditions described in

9   this Order.  When the litigation has been terminated, a Receiving Party must comply with the

10  provisions of Section 13, below (FINAL DISPOSITION).

11        Protected Material must be stored and maintained by a Receiving Party at a location

12  and in a secure manner that ensures that access is limited to the persons authorized under this Order.

13        7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

14  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

15  disclose any information or item designated CONFIDENTIAL only to:

16        (a) the Receiving Party's Outside Counsel of Record in this action, as well as

17  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

18  information for this litigation;

19        (b) the officers, directors, and employees (including House Counsel) of the

20  Receiving Party to whom disclosure is reasonably necessary for this litigation;

21        (c) Experts of the Receiving Party to whom disclosure is reasonably necessary

22  for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

23  A);

24        (d) the Court and its personnel;

25        (e) a duly appointed arbitrator, mediator, or other alternative dispute

26  resolution professional and his/her personnel;

27        (f) court reporters and their staffs;

28

1    (g) professional jury or trial consultants who have signed the

2  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3    (h) Professional Vendors to whom disclosure is reasonably necessary for this

4  litigation and for whom an authorized representative has signed the "Acknowledgment and

5  Agreement to Be Bound" (Exhibit A);

6    (i) during their depositions, witnesses in the action to whom disclosure is

7  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

8  (Exhibit A);

9    (j) the author or recipient of a document containing the information or a

10  custodian or other person who otherwise possessed or knew the information.

11    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

12  Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

13  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

14  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

15    (a) the Receiving Party's Outside Counsel of Record in this action, as well as

16  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

17  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18    (b) Designated House Counsel of the Receiving Party (1) who has no material

19  involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this

20  litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and

21  (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

22    (c) Experts of the Receiving Party (1) to whom disclosure is reasonably

23  necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

24  Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4(a)(2), below, have

25  been followed;

26    (d) the Court and its personnel;

27    (e) a duly appointed arbitrator, mediator, or other alternative dispute

28  resolution professional and his/her personnel;

(f) court reporters and their staff;

(g) professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) Professional Vendors to whom disclosure is reasonably necessary for this litigation and for whom an authorized representative has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by another Party pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (i) sets forth the full name and title of the Designated House Counsel, and (ii) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any material competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (i) sets forth the full name of the Expert and the city and state of his or her primary residence, (ii) attaches a copy of the Expert's current resume or curriculum vitae, (iii) identifies the Expert's current employer(s), (iv) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with litigation, at any time during the preceding three years, and (v) identifies (by name and number of the case, filing date, and location of court) any

1   litigation in connection with which the Expert has offered expert testimony, including through a

2   declaration, report, or testimony at a deposition or trial, during the preceding three years.

3            (b) A Party that makes a request and provides the information specified in

4   paragraph 7.4(a)(1) or paragraph 7.4(a)(2) may disclose the Designating Party's "HIGHLY

5   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and/or documents to the identified

6   Designated House Counsel or Expert, as the case may be, unless, within fourteen (14) days of

7   delivering the request, the Party receives a written objection from the Designating Party.  Any such

8   objection must set forth in detail the grounds on which it is based.  If the Designating Party does not

9   serve an objection to the disclosure within fourteen (14) days, the disclosure of "HIGHLY

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to the Designated House Counsel

11  may proceed.

12           (c) A Party that makes a timely written objection under paragraph 7.4(b) shall

13  attempt to resolve the matter in good faith and must make itself available to confer directly (in voice-

14  to-voice dialogue; other forms of communication are not sufficient) with the Party seeking to

15  disclose within 14 days of the date of service of the objection.  A Designating Party (i.e., the

16  objecting Party) may proceed to the next stage of the challenge process only if it has first engaged in

17  this meet and confer process.  If the Parties cannot resolve the matter without court intervention, the

18  Receiving Party seeking to disclose to the Designated House Counsel or Expert may file a motion

19  seeking permission from the Court to make such disclosure. Any such motion must describe the

20  circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House

21  Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would

22  entail, and suggest any additional means that could be used to reduce that risk. Each such motion

23  must also be accompanied by a competent declaration affirming that the movant has complied with

24  the meet and confer requirements imposed by this paragraph.  In any court proceeding regarding the

25  propriety of disclosing information to Designated House Counsel or an Expert, the Designating Party

26  shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

27  safeguards proposed) outweighs the Receiving Party's need to disclose the "HIGHLY

28  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to the identified Designated House

1   Counsel or Expert.  Frivolous objections and those made for an improper purpose (e.g., to harass or

2   impose unnecessary expenses and burdens on other parties) may expose the Designating Party to

3   sanctions.  If a timely objection is served, no disclosure of the Designating Party's "HIGHLY

4   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be made to the Designated

5   House Counsel or Expert in question until a motion is brought by the Receiving Party pursuant to

6   this Section and ruled upon by the Court, or until the Parties disputing the matter have otherwise

7   reached a resolution.  If the Designating Party fails to file and serve a motion for a protective order

8   within thirty days of the date its objection to disclosure was served, the disclosure of "HIGHLY

9   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to the identified Designated House

10  Counsel or Expert may proceed and the challenge shall be ineffectual.

11          7.5 <u>Alternative Dispute Resolution.</u>  Nothing in this Order shall prevent a Receiving

12  Party from using Protected Material that is disclosed or produced by another Party or by a Non-Party

13  in connection with this case in the context of any related alternative dispute resolution procedures,

14  including arbitration and/or mediation.  Once the alternative dispute resolution procedure has been

15  terminated, a Receiving Party must comply with the provisions of Section 13, below (FINAL

16  DISPOSITION).  The Receiving Party shall provide a copy of this Order to the alternative dispute

17  resolution professionals involved, and shall ensure that they comply with this Order.

18          8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

19  <u>LITIGATION</u>.

20          If a Party is served with a subpoena or an order issued in other litigation that would compel

21  disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

23          (a) promptly notify in writing the Designating Party.  Such notification shall include a

24  copy of the subpoena or court order;

25          (b) promptly notify in writing the party who caused the subpoena or order to issue in

26  the other litigation that some or all of the material covered by the subpoena or order is subject to this

27  Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

28

1    (c) cooperate with respect to all reasonable procedures sought to be pursued by the

2    Designating Party whose Protected Material may be affected.

3    If the Designating Party timely seeks a protective order, the Party served with the subpoena

4    or court order shall not produce any information designated in this action as "CONFIDENTIAL" or

5    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court

6    from which the subpoena or order issued, unless the Party has obtained the Designating Party's

7    permission.  The Designating Party shall bear the burden and expense of seeking protection in that

8    court of its confidential material – and nothing in these provisions should otherwise be construed as

9    authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

10   another court.

11   9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

12   LITIGATION

13   (a) The terms of this Order are applicable to information produced by a Non-Party in

14   this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

15   EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is

16   protected by the remedies and relief provided by this Order.  Nothing in these provisions should be

17   construed as prohibiting a Non-Party from seeking additional protections.

18   (b) In the event that a Party is required, by a valid discovery request, to produce a

19   Non-Party's confidential information in its possession, and the Party is subject to an agreement with

20   the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

21   1. promptly notify in writing the Requesting Party and the Non-Party that

22   some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

23   2. promptly provide the Non-Party with a copy of the Stipulated Protective

24   Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the

25   information requested; and

26   3. make the information requested available for inspection by the Non-Party.

27   (c) If the Non-Party fails to object or seek a protective order from this Court within

28   fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may

1    produce the Non-Party's confidential information responsive to the discovery request.  If the Non-

2    Party timely seeks a protective order, the Receiving Party shall not produce any information in its

3    possession or control that is subject to the confidentiality agreement with the Non-Party before a

4    determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden

5    and expense of seeking protection in this Court of its Protected Material.

6         10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

7         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

8    Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

9    the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

10   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

11   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

12   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

13   Be Bound" that is attached hereto as Exhibit A.

14        11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

15   <u>MATERIAL</u>

16        If information is produced in discovery that is subject to a claim of privilege or of protection

17   as trial preparation or work product material ("privilege"), the Party making the claim may notify

18   any Receiving Party that received the information of the claim and the basis for it.  In accordance

19   with Federal Rule of Evidence 502(d)-(e), such a production or disclosure does not operate as a

20   waiver of any privilege associated with any such production or disclosure.  After being notified by a

21   Party claiming privilege that information produced by that Party is subject to a claim of privilege, a

22   Receiving Party (1) must promptly return or destroy the specified information and any copies it has,

23   (2) must not sequester, use, or disclose the information until the claim is resolved, and (3) must take

24   reasonable steps to retrieve the information if the Party disclosed it before being notified.  The Party

25   making the claim must serve a privilege log that complies with Federal Rule of Civil Procedure

26   26(b)(5) within fourteen (14) days of notifying any Receiving Party of the claim.  The matter shall

27   be resolved in accordance with the standards, laws, and rules pertaining to the privilege(s) claimed.

28   This paragraph 11 expressly incorporates the protections of Federal Rule of Evidence 502(d)-(e).

12. <u>MISCELLANEOUS</u>

    12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3  <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>.

    Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

pleadings, motion papers, trial transcripts, deposition transcripts, and hearing transcripts, legal

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

consultant and expert work product, even if such materials contain Protected Material.  Any such

archival copies that contain or constitute Protected Material remain subject to this Protective Order

as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  February 24, 2012                    JONES DAY

                                                            By: */s/ Gregory L. Lippetz*_____
                                                                 Gregory L. Lippetz

                                                                 1755 Embarcadero Road
                                                                 Palo Alto, CA  94303
                                                                 Telephone:  650-739-3939
                                                                 Facsimile:  650-739-3900
                                                                 glippetz@jonesday.com

                                                                 Attorneys for Defendants/Counterclaimants
                                                                 HON HAI PRECISION INDUSTRY CO., LTD.
                                                                 and FOXCONN ELECTRONICS, INC.

Dated:  February 24, 2012                    SHEPPARD MULLIN RICHTER & HAMPTON LLP

                                                            By: */s/ James M. Chadwick*_____
                                                                 James M. Chadwick

                                                                 379 Lytton Avenue
                                                                 Palo Alto, CA  94301-1432
                                                                 Telephone:  650-815-2600
                                                                 Facsimile:  650-815-2601
                                                                 jchadwick@sheppardmullin.com

                                                                 Attorneys for Plaintiff/Counterclaim Defendant
                                                                 LOTES CO., LTD.

**ATTORNEY'S E-FILING ATTESTATION**

As the attorney e-filing this document, and pursuant to General Order 45, I hereby attest that counsel for Defendants/Counterclaimants Hon Hai Precision Industry Co., Ltd. and Foxconn Electronics, Inc. whose electronic signature appears above has concurred in this filing.

Dated:  February 24, 2012                  SHEPPARD MULLIN RICHTER & HAMPTON LLP

                                           By: */s/ James M. Chadwick*_____
                                               James M. Chadwick

                                               379 Lytton Avenue
                                               Palo Alto, CA  94301-1432
                                               Telephone:  650-815-2600
                                               Facsimile:  650-815-2601
                                               jchadwick@sheppardmullin.com

                                               Attorneys for Plaintiff/Counterclaim Defendant
                                               LOTES CO., LTD.

1     **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3

4

5     Dated: _March 2, 2012_____          _____

6                                                    The Honorable Jeffrey S. White
                                                     United States District Court Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit "A"

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name],

of _____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California in the case of *Lotes*

*Co. Ltd. v. Hon Hai Precision Industry Co., Ltd. et al.*, Civil Action No. 3:11-cv-01036-JSW.  I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related

to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                            [printed name]

Signature: _____
                        [signature]