United States District Court
For the Northern District of California

1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9    LOTES CO., LTD.,

10            Plaintiff,                    No. C 11-01036 JSW

11    v.

12    HON HAI PRECISION INDUSTRY CO.,        **ORDER REGARDING CROSS-**
      LTD., et al.,                          **MOTIONS FOR SUMMARY**
13                                           **JUDGMENT**
              Defendants.
14    _____/

15

16          Now before the Court are the cross-motions for summary judgment filed by Plaintiff and

17    Counterclaim Defendant Lotes Company, Ltd. ("Lotes") and by Defendants and Counter-

18    claimants Hon Hai Precision Industry Co.. Ltd. ("Hon Hai") and Foxconn Electronics, Inc.

19    ("Foxconn") (collectively, "Defendants"), or in the alternative, for judgment on partial findings.

20     The Court finds that these matters are appropriate for disposition without oral argument and,

21    thus, are deemed submitted.  *See* N.D. Civ. L.R. 7-1(b).  Accordingly, the hearing set for July

22    20, 2012 is HEREBY VACATED.  Having carefully reviewed the parties' papers and

23    considering their arguments and the relevant authority, and good cause appearing, the Court

24    hereby grants in part and denies in part each of the parties' cross-motions for summary

25    judgment.[1]

26    _____

27          [1] Pursuant to Northern District Civil Local Rule 7-3(a), "[a]ny evidentiary objections
      to the motion must be contained within the brief or memorandum."  Despite this rule, both
28    parties asserted their evidentiary objections in separate documents.  Accordingly, the Court
      declines to address these evidentiary objections file in violation of the local rules.
            The Court grants in part and denies in part Lotes' administrative motion to strike or to
      file a sur-reply.  The Court grants Lotes' motion and strikes Defendants' evidence offered for
      the first time in its reply brief regarding the Exhibit attached to the Patent License

United States District Court

For the Northern District of California

**BACKGROUND**

Lotes and Defendants previously engaged in litigation regarding Defendants' patents. The parties settled that prior litigation. As part of the settlement, the parties executed a Settlement Agreement and a Patent License Agreement ("PLA"). Now the parties dispute whether those agreements have been followed and/or whether Lotes is infringing on several of Defendants' patents, including two Taiwanese patents and one Chinese patent (collectively, the "foreign patents"). The parties have filed cross-claim motions for summary judgment on the following three threshold issues concerning their dispute: (1) enforceability of the covenant not to challenge in the Settlement Agreement; (2) scope of the licensed products subject to the PLA; and (3) burden of proof of infringement.

The Court shall address specific additional facts in the remainder of this Order.

**ANALYSIS**

**A.      Applicable Legal Standards.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light

_____

Agreement. Because the Court did not consider Defendants' evidence regarding whether the covenant not to sue is ambiguous, the Court denies Lotes' motion to strike Defendants' evidence on this point as moot.

The Court grants Lotes' and Defendants' requests to take judicial notice. Fed. R. Evid. 201.

The Court grants all of Lotes' and Defendants' requests to file documents under seal. However, the Court is only granting Defendants' request to file portions of its briefs under seal. Defendants shall publicly file redacted versions of its briefs.

1   most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.

2   1997).

3       The party moving for summary judgment bears the initial burden of identifying those

4   portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine

5   issue of material fact. *Celotex*, 477 U.S. at 323.  An issue of fact is "genuine" only if there is

6   sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v.*

7   *Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  A fact is "material" if it may affect the

8   outcome of the case. *Id.* at 248.  If the party moving for summary judgment does not have the

9   ultimate burden of persuasion at trial, that party must produce evidence which either negates an

10  essential element of the non-moving party's claims or that party must show that the non-moving

11  party does not have enough evidence of an essential element to carry its ultimate burden of

12  persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir.

13  2000).  Once the moving party meets its initial burden, the non-moving party must go beyond

14  the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine

15  issue for trial." Fed. R. Civ. P. 56(e).

16      In order to make this showing, the non-moving party must "identify with reasonable

17  particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275,

18  1279 (9th Cir. 1996).  In addition, the party seeking to establish a genuine issue of material fact

19  must take care adequately to point a court to the evidence precluding summary judgment

20  because a court is "'not required to comb the record to find some reason to deny a motion for

21  summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th

22  Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418

23  (9th Cir. 1988)).  If the non-moving party fails to point to evidence precluding summary

24  judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

25      In the event the Court determines that there are genuine issues of material fact that

26  preclude the Court from granting summary judgment in either party's favor, the parties have

27  agreed that the Court shall resolve any disputed issues of fact as the trier of fact pursuant to

28

United States District Court

For the Northern District of California

3

1    Federal Rule of Civil Procedure 42(b) based upon the parties' submissions in support of their

2    motions for summary judgment.  (Docket No. 117.)

3    **B.      The Parties' Cross-Motions.**

4            **1.       Enforceability of Covenant not to Challenge Defendants' Patents.**

5            The parties' Settlement Agreement includes the following provision:

6            <u>Agreement Not to Challenge</u>.  In return for the benefits under this Agreement
             and the License Agreement, Lotes agrees that it will not directly or indirectly
7            challenge, now or in a future proceeding regarding the Licensed Products, Hon
             Hai [sic] ownership or the validity or enforceability of the Licensed Patents
8            that are the subject of this Agreement.

9    (Declaration of James Chadwick ("Chadwick Decl."), Plaintiff's Ex. 3, § 5.3.)  The parties

10   dispute whether this provision is enforceable.

11           Although state law ordinarily governs issues relating to contract interpretation, where, as

12   here, the issues are "intimately related with the substance of enforcement of a patent right,"

13   Federal Circuit precedent governs.  *Flex-Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1365 (Fed.

14   Circ. 2001) (applying Federal Circuit precedent to determination of whether covenant not to

15   contest the validity of patents was enforceable).  The Federal Circuit has clearly held that where

16   there is a clear and unambiguous waiver of future challenges to the validity of patent in a

17   settlement agreement, an accused infringer is contractually estopped from challenging the

18   validity of the patent in any subsequent proceeding.  *Id*. at 1370.

19           The court in *Flex-Foot* distinguished the holding in *Lear, Inc. v. Adkins*, 395 U.S. 653,

20   670-71 (1969), whereby the Supreme Court eliminated the doctrine of "licensee estoppel,"

21   citing the "important public interest in permitting full and free competition in the use of ideas."

22   "Under Lear, a licensee of a patent is not estopped from challenging the validity of the licensed

23   patent by virtue of the licence agreement."  *Baseload Energy, Inc. v. Roberts*, 619 F.3d 1357,

24   1361 (Fed. Cir. 2010).  The Federal Circuit noted that the license agreement in *Lear* was not

25   created as part of a litigation settlement and, significantly, the license at issue in *Lear* "did not

26   contain, and was not accompanied by, any promise by the licensee not to challenge the validity

27   of the patent."  *Flex-Foot*, 238 F.3d at 1368.  The Federal Circuit found this distinguishing fact

28

**United States District Court**
For the Northern District of California

4

meaningful "because it implicates the important policy of enforcing settlement agreements and res judicata." *Id.*

Here, it is undisputed that Lotes signed this explicit promise not to challenge Defendants' patents at issue pursuant to a settlement agreement which resolved their then pending litigation. While Lotes disagrees with the Federal Circuit's interpretation of the Supreme Court's holding in *Lear*, in the absence of any intervening authority, the Federal Circuit's ruling is binding on this Court. *U.S. v. Mandel*, 914 F.2d 1215, 1220-21 (9th Cir. 1990) (holding that circuit precedent is binding unless there is an intervening Supreme Court decision that undermines the existing precedent); *see also Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 475 (Fed. Cir. 1991) (holding that the Federal Circuit's precedent interpreting *Lear* is binding on district courts).

Lotes also attempts to distinguish *Flex-Foot* by arguing that the waiver at issue is not "clear and unambiguous." According to Lotes, the waiver in the Settlement Agreement is not clear and unambiguous because the PLA contains another provision that contemplates that a neutral, third party may opine that one of the patents is invalid. (Chadwick Decl., Plaintiff's Ex. 2, § 8.1(D).) The Court finds Lotes' argument unpersuasive. The fact that a separate agreement provides that a neutral, third party may opine that one of the patents is invalid does nothing to undermine or render ambiguous the clear language barring Lotes from challenging the validity of the patents at issue.

Finally, even if such waivers may be generally enforceable, Lotes argues that the Court should refrain from enforcing the waiver here pursuant to the doctrine of economic duress. "To render a contract unenforceable for duress, a party must establish (1) that it involuntarily accepted the other party's terms, (2) that circumstances permitted no other alternative, and (3) that such circumstances were the result of the other party's coercive acts." *North Star Steel Co. v. United States*, 477 F.3d 1324, 1334 (Fed. Cir. 2007). To constitute coercion under the third prong, there must be a showing that Defendants' conduct "was wrongful, *i.e.,* (1) illegal, (2) a breach of an express provision of the contract without a good-faith belief that the action was permissible under the contract, or (3) a breach of the implied covenant of good faith and fair

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1  dealing." *Id.* (internal quotation marks and citation omitted). Lotes fails to submit any

2  evidence demonstrating that Defendants' conduct was coercive or wrongful under this standard.

3  Although Lotes emphatically argues that standard for economic duress is broader under Federal

4  Circuit law, Lotes does not cite to any authority in support of this proposition. Accordingly, the

5  Court finds that the covenant not to contest the validity of the patents is enforceable.

6  **2.     Construction of Exhibit to Patent License Agreement.**

7  The parties dispute the scope of the licensed products, or accused products, subject to

8  the PLA. They agree that the Exhibit  ? attached to the PLA sets forth the scope of the

9  licensed. The parties further agree that California law governs the interpretation of the PLA

10 concerning this dispute. However, they dispute whether the licensed products, or accused

11 products, are defined by the product category or by the product number.

12 Under California law, the PLA must be interpreted to give effect to the mutual intention

13 of the parties at the time the contract was formed. If possible, this intent is to be inferred solely

14 from the written provisions of the contract. *See Ameron Intern. Corp. v. Insurance Co. of State*

15 *of Pennsylvania*, 50 Cal. 4th 1370, 1378 (2010). Nevertheless, extrinsic evidence may be

16 offered when a contract term is ambiguous on its face and to expose a latent ambiguity.

17 *Southern Pac. Transp. v. Santa Fe Pac. Pipelines, Inc.,* 74 Cal. App. 4th 1232, 1241 (1999).

18 "The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is

19 not whether it appears to the court to be plain and unambiguous on its face, but whether the

20 offered evidence is relevant to prove a meaning to which the language of the instrument is

21 reasonably susceptible." *Pacific Gas & E. Co. v. G. W. Thomas Draya*ge *& Rigging Co., Inc.*,

22 69 Cal. 2d 33, 37 (1968).

23 Upon review of the Exhibit, the Court finds that the language regarding the scope of the

24 accused products is ambiguous. The Exhibit is entitled "Licensed Patents, Licensed Products

25 and Applicable Royalty Rates." (Chadwick Decl., Plaintiff's Ex. 2 (Exhibit  ?).) The Exhibit is

26 divided into two sections. The first is entitled "Licensed Patents" and the second is entitled

27 "Licensed Products and Royalty Rates." (*Id.*) Under the heading of the second section, the

28 Exhibit provides:

1

> If a licensed product, absent this License Agreement, would infringe only claim 6
> or claims 8-12 of United States Patent Number 6,877,990 or the foreign
> counterpart claim(s) ..., such product shall be considered to be a Licensed Product
> for all purposes of the [PLA] but shall be royalty free. However, for the
> avoidance of doubt, if such product, absent this [PLA], would infringe any other
> claim of any Licensed Patent, such product shall be considered to be a Licensed
> Product for all purposes of the License Agreement and royalty bearing below.

(*Id.*) The exhibit then provides several categories of products, including several CPU sockets,

the LGA775 socket, Hi-Rise D-sub connectors, and Slanted DDR and DDRII, along with the

royalty rates for these categories. (*Id.*) Underneath, there is a chart with products and Lotes'

corresponding product numbers. The parties dispute whether the Licensed Products are defined

by the description of the product categories or by the chart with the product numbers. The

Court cannot determine from the language of the PLA, standing alone, which party's

construction is correct. Accordingly, the Court turns to the parole evidence submitted to the

parties in order to determine the parties' intent when they signed the PLA.

Each party has submitted evidence in support of their respective positions which, if fully

credited, is sufficient to create a genuine issue of material fact precluding the entry of summary

judgment in favor of either party. Nevertheless, because the parties have stipulated to have the

Court resolve disputed issues as the trier of fact, the Court will continue. Upon review of all of

the evidence submitted by the parties, the Court finds that Lotes' argument is better supported.

In particular, the Court notes that when the parties discussed the desired content of the Exhibit,

Defendants said:

> Perhaps best way to resolve is to cut-off list of accused products by "product"
> name and not "Lotes p/n." Lotes lists eight product numbers for its DDR2 240 Pin
> product. The settlement will provide more certainty to each side if the license and
> royalties extend to all DDR2 240 Pin products. *If Lotes won't agree to this, we
> would need its help in listing each product number*.

(Chadwick Decl., Plaintiff's Ex. 14) (emphasis added.) Defendants' representative testified that

Lotes did not agree to define the accused products by product name. (*Id.*, Ex A (Deposition of

Ben Sley) at 111:22-112:3.) Moreover, a draft of the Exhibit contained the following language

after the description of the product categories and their respective royalty rates: "WE NEED

TO AGREE ON LIST OF PRODUCTS THAT INCLUDE THOSE ACCUSED AND

EXCLUDE THOSE NOT ADDRESSED BY THIS AGREEMENT." (*Id.*, Plaintiff's Ex. 19.)

**United States District Court**
For the Northern District of California

7

In the Exhibit attached to the executed PLA, this placeholder language was replaced with the chart with Lotes' products and their corresponding product numbers.  (*Id.*, Plaintiff's Ex. 2.) Therefore, the Court finds that Lotes' position that the licensed or accused products would be defined by product numbers listed in the chart in the Exhibit is credible and well-supported by the evidence in the record.  In contrast, the Court finds that Defendants' position that the parties' mutual intent was that the licensed or accused products would be defined by product category is not credible or well-supported.  Accordingly, the Court grants Lotes' motion and denies Defendants' motion on this threshold issue.

> **3.       Burden of Proving Infringement or Non-Infringement.**

Defendants move for summary judgment on the issue of whether the PLA altered the burden of proof and shifted the burden to Lotes to prove non-infringement.  Both parties agree that it is legally permissible to alter by contract the normal legal rules regarding the burden of proof.  Defendants contend that Federal Circuit law governs this dispute.  Pursuant to Federal Circuit authority, parties are free to contract around the legal rules as long as their intent to do so is "clear and unambiguous."  *See Flex-Foot*, 238 F.3d at 1370.

According to Defendants, the plain language of the PLA establishes that Lotes bears the burden to prove non-infringement in all litigation between it and Foxconn.  Section 3.2 of the PLA provides:

> Licensed Products.  In the event that the Licensee establishes in accordance [*sic*] the provisions of Section 8 that a given Licensed Product, absent this License Agreement, no longer infringes any Valid Claim of any of the Licensed Patent, such given Licensed Product shall be deemed deleted from Exhibit  ? and shall thereafter not be considered to be a Licensed Product for all purposes of this Agreement.

(Chadwick Decl., Plaintiff's Ex. 2, § 3.2.)  Section 8 of the PLA outlines the procedures for resolving disputes regarding whether any Licensed Product infringes a claim of a Licensed Patent.  (Chadwick Decl., Plaintiff's Ex. 2, § 8.1 ("In the event of any dispute between the Parties as to whether any Licensed Product, absent this License Agreement, infringes a Claim of a Licensed Patent, the Parties agree to resolve such disputes in accordance with the following proceedings:").)

**United States District Court**
For the Northern District of California

1    Even if the term "establish" means prove, or even ultimately succeed, it merely means

2  that Defendants or a court of competent jurisdiction ultimately agreed with Lotes' position.  It

3  does not necessarily mean that Lotes bears the burden of proof.  These are sophisticated parties

4  with sophisticated patent attorneys.  Presumably, they were aware, when the negotiated and

5  drafted this agreement that, ordinarily, patent holders bear the burden of proof on infringement.

6  If the parties sought to alter this burden of proof, they could have clearly specified as much in

7  their agreement.  In the absence of any language that clearly alters the normal legal rule

8  regarding the burden of proof, the Court finds that Defendants have not demonstrated that the

9  PLA shifted the burden of proof to Lotes.  The language in the PLA does not clearly and

10  unambiguously alter the normal legal rule that the patent holder bears the burden of proof on

11  infringement.  Accordingly, the Court denies Defendants' motion for summary judgment on this

12  ground.

13                                          **CONCLUSION**

14    For the forgoing reasons, the Court GRANT IN PART and DENIES IN PART the

15  parties' cross-motions for summary judgment or for judgment on partial findings on threshold

16  issues.  The Court: (1) GRANTS Defendants' motion and DENIES Lotes' motion for summary

17  judgment regarding the enforceability of the covenant not to challenge in the Settlement

18  Agreement; (2) DENIES both parties' motions for summary judgment regarding the scope of

19  the licensed products subject to the PLA due to the existence of genuine issues of material fact

20  but GRANTS Lotes' motion and DENIES Defendants' motion for judgment on partial findings;

21  and (3) GRANTS Lotes' motion and DENIES Defendants' motion for summary judgment

22  regarding burden of proof of infringement.

23    **IT IS SO ORDERED.**

24

25  Dated: July 17, 2011

26                                                        JEFFREY S. WHITE
                                                         UNITED STATES DISTRICT JUDGE
27

28

9