SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
EDWARD V. ANDERSON, Cal. Bar No. 83148
JAMES M. CHADWICK, Cal. Bar No. 157114
DARREN M. FRANKLIN, Cal. Bar No. 210939
TENAYA RODEWALD, Cal. Bar No. 248563
TONI QIU, Cal. Bar No. 302268
379 Lytton Avenue
Palo Alto, California  94301-1479
Telephone:    650.815.2600
Facsimile:     650.815.2601
evanderson@sheppardmullin.com
jchadwick@sheppardmullin.com
dfranklin@sheppardmullin.com
trodewald@sheppardmullin.com
tqiu@sheppardmullin.com

Attorneys for Plaintiff and Counterclaim Defendant
LOTES CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOTES CO., LTD., a Taiwan Corporation, | Case No. 3:11-cv-01036-WHA |
| Plaintiff and Counterclaim Defendant, | **LOTES' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND FIRST AMENDED ANSWER TO DEFENDANTS' COUNTER-CLAIMS** |
| v. | |
| HON HAI PRECISION INDUSTRY CO., LTD., a Taiwan Corporation, and FOXCONN ELECTRONICS, INC., a California Corporation, | |
| | The Hon. William Alsup<br>United States District Judge |
| Defendants and Counterclaimants. | |

SMRH:480007524.4

Case No. 3:11-cv-01036-WHA
LOTES' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT AND FIRST AMENDED ANSWER

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on January 5, 2016, at 8:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable William Alsup, Courtroom 8 - 19th Floor., United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 Plaintiff Lotes Co., Ltd. will bring on for hearing its Motion for Leave to File Third Amended Complaint and First Amended Answer.

By this Motion, and for the reasons stated below, Lotes respectfully seeks leave of the Court to file the Third Amended Complaint, attached hereto as Exhibit 1, and the First Amended Answer to Defendants' Second Amended Answer and Counter-Claims, attached hereto as Exhibit 2.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Lotes Co., Ltd. ("Lotes") respectfully requests leave of the Court to file a Third Amended Complaint and a First Amended Answer to Defendants Hon Hai Precision Industry Co., Ltd.'s and Foxconn Electronics, Inc.'s ("Defendants'") Second Amended Answer and Counter-Claims.  This action is largely a patent and contract action concerning infringement and/or invalidity of twelve different patents, and the parties' competing claims for breach of a prior Settlement Agreement and Patent License Agreement between the parties.  As the Court is aware, this action was stayed for several years pending the outcome of reexamination proceedings in the U.S. Patent and Trademark Office ("PTO") regarding ten of the twelve patents at issue.  In connection with the reexaminations, the PTO issued reexamination certificates cancelling or amending some or all claims of nine of the patents.  Lotes seeks to amend the Complaint to reflect the cancellations and amendments of patent claims, and to attach the current versions of the patents and the reexamination certificates for those patents.  The results of the reexaminations support Lotes' claims for declaratory judgment of non-infringement and/or invalidity.  Moreover, because all of the parties' arguments will be directed to the current version of the patents, the pleadings in the case should reflect the patent claims at issue.  Because claims have been amended or are newly added, Lotes seeks to amend its Answer and affirmative defenses to assert the

defense of doctrine of intervening rights. Finally, Lotes seeks amend its Answer and defenses to assert the defense of mediation confidentiality and litigation privilege. These amendments will not cause delay or prejudice Defendants, and are based on developments in the action during the time it was stayed. This motion is filed within the deadline set by the Court for amendments. Accordingly, the amendments should be permitted.

## II.   BACKGROUND

Lotes initially filed this action on March 7, 2011. This action presents various claims and counterclaims that relate to two basic categories of patents, four patents licensed pursuant to a previous Patent License Agreement between the parties (the "Licensed Patents"), and eight additional patents Defendants first asserted against Lotes in 2010 (the "Newly Asserted Patents"). Lotes seeks a declaration of non-infringement of the Licensed Patents and a declaration of non-infringement and/or invalidity as to the Newly Asserted Patents. Defendants assert counter-claims of infringement as to two of the Licensed Patents and five of the Newly Asserted Patents. In addition, the parties each allege claims for breach of the prior Settlement Agreement and Patent License Agreement between the parties, and Lotes asserts state law claims for conversion and for money had and received with regard to royalties Lotes paid on non-infringing products.

On January 04, 2012, the Court stayed all claims and counterclaims relating to the eight Newly Asserted Patents. (Dkt. No. 73.) The Court subsequently ruled on the parties' cross-motions for partial summary judgment. (Dkt. 123.) The Court then granted the parties' stipulation to amend their pleadings to reflect the Courts' Order on the motions for partial summary judgment and other amendments. Accordingly, on June 6, 2012 Lotes filed a Second Amended Complaint. (Dkt. 130.) On June 20, 2012, Defendants filed a Second Amended Answer and Counter-Claims (Dkt. 133), to which Lotes filed an Answer on July 11, 2012. (Dkt. 140.) On November 13, 2013, the Court expanded and expended the scope of the stay pending further order of the Court and ordered the parties to make regular reports regarding the status of the reexamination proceedings. (Dkt. 168.)

Lotes filed *ex parte* reexamination requests regarding ten of the twelve patents at issue in this action. All reexaminations have concluded as to eight patents, and the PTO issued

reexamination certificates canceling or amending numerous claims of seven of those patents. In addition, while two patents are currently being reexamined, previous reexaminations with regard to those two patents resulted in cancellation or amendment of all claims of those patents. The ten patents subjected to reexamination and the outcome of the reexaminations are summarized in the table below.

| Patent No. | Reexam Status | Reexam Results |
|---|---|---|
| **Licensed Patents** | | |
| 6,908,313 | Concluded | Reexamination certificate issued 3/16/2016<br>**All claims cancelled** |
| 6,887,114 | Concluded | Reexamination certificate issued 10/13/2015<br>**All claims cancelled** |
| 6,340,309 | Concluded | Reexamination certificate issued 10/21/2015<br>**All claims cancelled** |
| **Newly Asserted Patents** | | |
| 6,908,316 | Pending | First Reexamination:<br>Reexamination certificate issued 2/28/2012<br>• claims 1-18 cancelled<br>• claim 19 amended,<br>• new claims 20-57 allowed<br><br>Second Reexamination:<br>Reexamination certificate issued 7/2/2014<br>• claims 19, 22, 27-30, 37-40, 45-48, 55-57 amended,<br>• new claims 58-61 allowed<br><br>*Third Reexamination Pending*<br>Filed 7/27/2015<br>**Final Rejection of all claims issued 8/26/2016** |
| 6,530,798 | Concluded | Reexamination certificate issued 10/22/2014<br>• claims 1-5 cancelled;<br>• claim 6 allowed |

| Patent No. | Reexam Status | Reexam Results |
|---|---|---|
| 6,905,353 | Pending | First Reexamination:<br>Reexamination certificate issued 8/21/2012<br>• claims 1-17 amended,<br>• new claims 18-47 allowed<br><br>Second Reexamination:<br>Reexamination certificate issued 1/2/2014<br>• claims 16, 17, 33, and 34 amended,<br>• new claims 48-117 allowed<br><br>Third Reexamination<br>Reexamination certificate issued 2/13/2015<br>• claims 1-15, 26-30, 33-47, 68-70, 79-92, 103-117 amended<br><br>*Fourth Reexamination Pending*<br>Filed 5/17/2016<br>**Non-final Rejection of all claims issued 11/8/2016** |
| 7,371,075 | Concluded | First Reexamination:<br>Reexamination certificate issued 11/22/2011<br>• claims 1, 4 cancelled<br><br>Second Reexamination:<br>Reexamination certificate issued 3/3/2015<br>• all remaining claims cancelled |
| 5,882,211 | Concluded | Reexamination certificate issued 9/4/2012<br>• claims 2-4, 8, 9, 11, and 12 cancelled;<br>• amended or new claims 1, 5-7,10, and 13-14 allowed |
| 6,113,398 | Concluded | Reexamination certificate issued 5/29/2012<br>• claims 1-7 amended<br>• new claims 8-16 allowed |
| 6,135,791 | Concluded | Reexamination concluded with all claims allowed |

On August 19, 2016, the Court issued an Order lifting the stay in this action. (Dkt. 226.) Defendants' provided their infringement contentions on September 1, 2016, Lotes provided its invalidity contentions on October 20, 2016, the parties exchanged proposed claim terms for construction on November 7, 2016, and the parties will exchange proposed claim constructions on December 1, 2016.

///

///

///

## III. DISCUSSION

### A. Legal Standards Governing Motions to Amend Pleadings

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[R]equests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)); *see also Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008). "[P]ublic policy strongly encourages courts to permit amendments." *Waldrip*, 548 F.3d at 732.

In determining whether to allow an amendment, "'we often consider: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings.'" *Waldrip*, 548 F.3d at 732 (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Absent a strong showing of one of these factors by the party opposing amendment, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

### B. Lotes' Proposed Amendments to the Complaint Are Needed and Will Not Cause Undue Delay or Prejudice Defendants

Lotes seeks to amend the Complaint to reflect the cancellation and amendment of patent claims resulting from the reexaminations of the patents in suit. The Second Amended Complaint attached as exhibits and put at issue twelve patents, the majority of which were the subject of pending reexaminations. This action was stayed during the reexaminations. (Dkt. Nos. 73, 168.). Since the action was stayed, all reexaminations have concluded as to eight patents, and the PTO has issued reexamination certificates cancelling or amending claims as to seven of those eight patents. These are the '313, '114, '309, '798, '075, '211 and '398 patents. Another two patents— the '316 and '353 patents—are currently being reexamined. However, each of those patents was subject to prior reexamination proceedings, for which reexamination certificates issued cancelling or amending all claims of each of the '316 and '353 patents. Thus, in total, the PTO has issued

reexamination certificates that cancel or amend the claims of nine of the twelve patents at issue in this action.

The cancellations and amendments alter the patent claims that are at issue in this action. Additionally, the cancellations and amendments provide additional reasons for granting a declaration of non-infringement as to the Licensed Patents and granting a declaration of invalidity and/or non-infringement of the Newly Asserted Patents. Accordingly, Lotes seeks to amend the Complaint to reflect the patent claims actually at issue, and to attach the reexamination certificates reflecting the amended and cancelled claims at issue. A "redlined" document showing Lotes' proposed amendments to the Complaint is filed herewith as Exhibit A to the Rodewald Declaration. *See* Rodewald Decl., Exh. A at ¶¶ 1, 2 and 34. A "clean" version of Lotes' proposed Third Amended Complaint is also filed as Exhibit 1 hereto.[1]

Permitting these amendments to the Complaint will not cause undue delay nor prejudice Defendants. The proposed amendments do not change the contours of this litigation or present Defendants with new claims. The proposed amendments do not introduce additional patents. The parties must litigate the patent claims as they are currently amended or cancelled as reflected by the issued reexamination certificates. The proposed amendments are necessary to accurately reflect the current substance of this litigation. The current version of the patents are already the subject of the parties' disclosures and discovery. Thus, permitting the proposed amendments will not result in any prejudice to Defendants, and should be permitted.

///

///

///

---

[1] Exhibits A and B to the proposed Third Amended Complaint are exactly the same as Exhibits A and B to Lotes' First Amended Complaint, filed under seal on March 30, 2011. (Docket Nos. 10-12) and Exhibits A and B to Lotes' Second Amended Complaint, filed under seal on June 6, 2013 (Dkt. 130). As was done with the First and Second Amended Complaints, Exhibits A and B to Lotes' Third Amended Complaint should be filed under seal. Accordingly, Lotes has omitted those two exhibits (and only those exhibits) from the proposed Third Amended Complaint attached hereto as Exhibit A. If the Court grants leave for Lotes to file the proposed Third Amended Complaint, Lotes will file an administrative motion seeking to file Exhibits A and B to Lotes' Third Amended Complaint under seal.

### C. The Proposed Amendments to Lotes' Answer Are Also Necessary, and Will Not Cause Undue Delay or Prejudice Defendants

Lotes seeks to add two defenses to its Answer and defenses to Defendants' Second Amended Counter-Claims. *See* Rodewald Decl., Exh. B (redline showing Lotes' proposed additional defenses) at Twenty-Fifth and Twenty-Sixth Affirmative Defenses.) A "clean" version of Lotes' proposed First Amended Answer is Exhibit 2 hereto. First, Lotes seeks to amend the Answer and defenses to assert the defense of the doctrine of intervening rights. This defense is based on the cancellations and amendments of claims reflected in the reexamination certificates issued by the PTO. 35 U.S.C. § 252, § 307(b); *Marine Polymer Techs., Inc. v. HemCon, Inc.*, 672 F.3d 1350, 1361-1362 (Fed. Cir. 2012) ("intervening rights [] abrogate liability for infringing claims added to or modified from the original patent if the accused products were made or used before the reissue," such rights are "often referred to as absolute intervening rights," and "both *ex parte* and *inter partes* reexaminations can give rise to intervening rights."); *Bloom Eng'g Co. v. North Am. Mfg. Co.*, 129 F.3d 1247, 1249-50 (Fed. Cir. 1997) (Under 35 U.S.C. § 307(b) and § 252, a reexamined or reissued claim cannot give rise to liability for past infringement if the reexamined claim was substantially changed or amended during reexamination.) The defense of intervening rights did not arise until the reexaminations concluded and the reexamination certificates issued. Thus, it is appropriate to seek leave to amend to add this defense now. While it would be proper for the Court to consider Lotes' defense of intervening rights even if it were not stated in Lotes' Answer, Lotes seeks to amend the Answer to ensure that Defendants have adequate notice of Lotes' defense and the parties can develop their evidence during the course of discovery. *See, e.g., BIC Leisure Prods. v. Windsurfing Int'l*, 1 F.3d 1214, 1221-22 (Fed. Cir. 1993) (holding that the intervening rights defense did not become an issue until patent owner secured a judgment of infringement, that it was proper for the district court to permit the intervening rights defense even though defendant had not plead it, but that it also would have been proper to permit defendant to amend the pleadings to include the defense).

In addition, Lotes seeks to amend its Answer and defenses to assert the defense of mediation privilege and confidentiality. Defendants allege that Lotes breached the Settlement

Agreement and Patent License Agreement by its alleged conduct in mediation and by allegedly not fully complying with mediation obligations under those agreements.  However, Lotes' mediation conduct is privileged or protected under California Civil Code section 47(b), California Evidence Code section 1126, 28 U.S.C. § 652, Rule 6-12 of the ADR Local Rules of the United States District Court for the Northern District of California, and California and federal common law.

Permitting Lotes to assert these defenses will not prejudice Defendants.  These are statutory defenses and privileges, being asserted early in discovery.  Lotes would have the right to maintain these defenses even if they were not specifically plead as affirmative defenses.  Nevertheless, Lotes seeks to amend its Answer to ensure Defendants have adequate notice of the defenses.

## IV.  CONCLUSION

For the foregoing reasons, Lotes respectfully request that the Court permit Lotes to file the attached Third Amended Complaint and attached First Amended Answer to Defendants' Second Amended Answer and Counter-Claims.

Dated:  November 30, 2016          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    */s/ Tenaya M. Rodewald*
TENAYA M. RODEWALD
Attorneys for Plaintiff and Counterclaim Defendant
LOTES CO., LTD.